UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMY KIMMONS,

          Plaintiff,

     v.

SACRAMENTO SHERIFF
DEPARTMENT, et al.,

          Defendants.

No.  2:26-cv-1512-DC-CKD (PS)

ORDER

Plaintiff Amy Kimmons proceeds without counsel. This case is referred to the undersigned by operation of Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Plaintiff's complaint is before the court for screening and plaintiff seeks leave to proceed in forma pauperis. (ECF Nos. 1, 2.) The application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915 and is granted. However, the complaint fails to state a claim and must be dismissed.

I.     **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1

(2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

### II. Plaintiff's Allegations

Plaintiff brings this case against various law enforcement agencies, the County of Sacramento District Attorney's Office, UC Davis Medical Center, Folsom Urgent Care, and multiple individual defendants. (ECF No. 1 at 1-6.) Plaintiff alleges she is subject to "gang retaliation" from cartel and Hells Angels. (Id. at 7.)

Plaintiff alleges the biological father of her 15-year-old child went into witness protection for informing on a bank robbery and people are threatening her family's safety. (ECF No. 1 at 8.) Various law enforcement agencies have rejected her reports and failed to provide requested documentation which should have been retained. (Id. at 8-12.) The law enforcement agencies to which plaintiff made reports have not taken her situation seriously and failed to protect her family. (Id. at 14.) Plaintiff also alleges she was denied minimal medical care when seeking treatment for injuries resulting from domestic violence. (Id. at 8, 13.)

### III. The Complaint Must be Dismissed

First, plaintiff fails to state any claim under 42 U.S.C. § 1983 for a violation of a constitutional or federal right. See West v. Atkins, 487 U.S. 42, 48 (1988). "There is ... no constitutional right to an investigation by government officials." Stone v. Department of Investigation of New York, 1992 WL 25202 (S.D.N.Y. Feb. 4, 1992); see Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (alleged inadequate investigation is insufficient to state a civil rights claim unless another recognized constitutional right is involved). Here, plaintiff's allegations of inadequate investigation fail to state a cognizable claim. See Gomez, 757 F.2d at 1006.

Second, the general rule is that governmental officials such as law enforcement officers are not liable for failing to protect private citizens from the acts of third parties. See Escamilla v. City of Santa Ana, 796 F.2d 266, 270 (9th Cir. 1986). Plaintiff does not allege circumstances under which defendants created a danger that caused or enhanced her alleged injuries or a special relationship such that any named defendant could be liable under 42 U.S.C. § 1983 for failure to

2

protect plaintiff and her family. See Murguia v. Langdon, 61 F.4th 1096, 1108 (9th Cir. 2023).

Local government municipalities and entities acting under color of state law may be liable for a constitutional injury caused by employees acting pursuant to the municipality's policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Here, though, plaintiff does not allege any harm suffered was caused by a policy or custom of a local government entity or one of its departments. See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); Gant v. Cnty. of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014). In addition, while the complaint names several individuals who may be government officials as defendants, the allegations fail to demonstrate any individual defendant personally participated in a deprivation of plaintiff's rights. See Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020 (9th Cir. 2010).

Third, as to the medical care entity defendants, private parties do not generally act under color of state law for purposes of 42 U.S.C. § 1983. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Private action, no matter how wrongful, is not actionable under § 1983. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

Finally, to the extent plaintiff seeks to bring medical malpractice claims for inadequate medical care or any other state law claims including any negligence claims, the court declines supplemental jurisdiction over those claims in the absence of a federal claim. See 28 U.S.C. § 1367(c). Federal courts are courts of limited jurisdiction and hear cases that arise in diversity or present a federal question. See Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994).

For all these reasons, plaintiff's complaint must be dismissed. Plaintiff is not obligated to file an amended complaint but is granted an opportunity to do so. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

## IV.   Request for Assistance from US Marshal

Plaintiff also filed a document for a "writ of assistance" requesting help from the US Marshal to obtain law enforcement records, medical information, and video footage. (ECF No. 3.)

3

While it is somewhat unclear what relief plaintiff seeks through this filing, the court construes it as a request for a subpoena deces tecum commanding the production of documents from a non-party. See Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). The request is denied because plaintiff has not identified with specificity the documents sought, from whom they are sought, or shown that documents are needed for this case and are only obtainable in this way. The request is also denied because plaintiff's complaint fails to state a claim and is being dismissed with leave to amend.

**V.      Conclusion and Order**

For the reasons set forth above, IT IS ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  In light of this screening order, plaintiff's emergency request for screening of complaint (ECF No. 5) is DENIED as moot.

3.  Plaintiff's request for assistance (ECF No. 3) is DENIED.

4.  Plaintiff's complaint is dismissed with leave to amend.

5.  Plaintiff is granted 30 days from the date of service of this order to file an amended complaint titled "First Amended Complaint" that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: 04/17/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 kimm26cv1512.scrn

4