UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMY KIMMONS,

        Plaintiff,

    v.

SACRAMENTO SHERIFF
DEPARTMENT, et al.,

        Defendants.

No.  2:26-cv-1512-DC-CKD (PS)

ORDER

Plaintiff Amy Kimmons proceeds pro se and in forma pauperis. This case is referred to the undersigned by operation of Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Plaintiff's first amended complaint containing a request for emergency screening is before the court. (ECF No. 7.) As set forth below, the amended complaint fails to state a claim and must be dismissed.

I.      **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

1

## II.    Plaintiff's Allegations

Plaintiff suffered domestic violence and injuries from her abuser who knew "gang related populations" and was never detained. (ECF No. 7 at 1.) The FBI and DEA know of the cartel involvement of plaintiff's abuser who all started reaching out when her mom got sick. (Id.)

Local law enforcement failed to protect plaintiff's right to safety per "Mary's law" and violated her right to be free from harassment. (ECF No. 7 at 2.) She was granted a protective order but was "denied access to implement [her] protective order by local agencies." (Id.)

Plaintiff states this is discrimination and a violation of substantive and procedural due process under the Fourteenth Amendment. (ECF No. 7 at 2.) Plaintiff was forced to sign a document and "told something completely different" in the context of a family court matter. (Id.) The El Dorado Sheriff's Department gave plaintiff a fake report number and plaintiff was informed her multiple complaints were never investigated. (Id. at 2-3.) Sacramento Sheriff's Department continues to not provide requested information even though plaintiff was given a report number for a follow up. (Id. at 4.) Due to discrimination and official misconduct, plaintiff has remained under her abuser's observation. (Id. at 3.) Local law enforcement has failed to treat plaintiff or her situation with fairness and respect. (Id.)

UC Davis Medical Center did not follow protocol and lied on plaintiff's medical record. (ECF No. 7 at 3.) Plaintiff has been unable to obtain basic minimum medical care and has been laughed at. (Id. at 3.) Folsom Urgent Care also changed plaintiff's medical record in front of her, while on camera. (Id.) Plaintiff is unable to obtain a needed referral because factual information within the medical documentation is incorrect. (Id.)

Folsom Cordova School district is discriminating against plaintiff and her family in that plaintiff has been barred from participating in certain activities with her child's class. (ECF No. 7 at 4.) Plaintiff's child was mistreated and plaintiff was told to follow protocol when she tried to switch schools. (Id. at 5.)

Plaintiff worked as a Sr. Behavior Health Peer Support Specialist for Sacramento County advocating for clients who were being threatened, evicted, and sexually harassed. (Id. at 1, 3.) Because of the program's funding sources, it was too political to fix or change the violations of

their clients' rights. (Id. at 3.) Plaintiff filed a complaint to the Attorney General and was called the black sheep in a meeting. (Id.)

Plaintiff seeks relief under 42 U.S.C. S 1983 and states she would like the professionals who did not take her domestic violence seriously to be held accountable and financially responsible. (ECF No. 7 at 5.) She wants her abusers to be criminally charged and held accountable. (Id.) She requests a "writ of assistance" from the US Marshal services. (Id.)

### III.   The First Complaint Must be Dismissed

The first amended complaint is presented in the form of a letter to the court. As to the factual allegations contained therein, the pleading suffers from similar defects as were found in the original complaint.

To the extent plaintiff seeks to have her abusers criminally charged through this action, the court has no authority to do so. Whether to prosecute and what criminal charges to file or bring are decisions that rest in the discretion of the prosecutor rather than this court. See United States v. Batchelder, 442 U.S. 114, 124 (1979).

In addition, plaintiff does not state any claim against any defendant under 42 U.S.C. § 1983 for failure to investigate. "There is ... no constitutional right to an investigation by government officials." Stone v. Department of Investigation of New York, 1992 WL 25202 (S.D.N.Y. Feb. 4, 1992); see Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (alleged inadequate investigation is insufficient to state a civil rights claim unless another recognized constitutional right is involved). Allegations of inadequate investigation fail to state a cognizable claim. See Gomez, 757 F.2d at 1006.

Moreover, the general rule is that governmental officials such as law enforcement officers are not liable for failing to protect private citizens from the acts of third parties. See Escamilla v. City of Santa Ana, 796 F.2d 266, 270 (9th Cir. 1986). Plaintiff does not allege circumstances under which defendants created a danger that caused or enhanced her alleged injuries or a special relationship such that any named defendant could be liable under 42 U.S.C. § 1983 for failing to protect plaintiff and her family. See Murguia v. Langdon, 61 F.4th 1096, 1108 (9th Cir. 2023).

////

3

Local government municipalities and entities acting under color of state law may be liable for a constitutional injury caused by employees acting pursuant to the municipality's policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Here, though, plaintiff does not allege any harm suffered was caused by a policy or custom of a local government entity or one of its departments. See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); Gant v. Cnty. of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014). In addition, the amended complaint does not allege facts showing that any individual defendant personally participated in, and is liable for, a deprivation of plaintiff's rights. See Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020 (9th Cir. 2010).

As to the medical care defendants, private parties do not generally act under color of state law for purposes of 42 U.S.C. § 1983. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Private action, no matter how wrongful, is not actionable under § 1983. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). To the extent plaintiff seeks to bring medical malpractice claims for inadequate medical care or any other state law claims including any negligence claims, the court declines supplemental jurisdiction over those claims in the absence of a federal claim. See 28 U.S.C. § 1367(c). Federal courts are courts of limited jurisdiction and hear cases that arise in diversity or present a federal question. See Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994).

Plaintiff does not state a claim for a violation of the Equal Protection Clause under 42 U.S.C. § 1983. To do so, a plaintiff must generally show the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). Here, the first amended complaint fails to allege specific facts demonstrating "intentional unlawful discrimination or… facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

The first amended complaint does not state a due process claim. To state a substantive due process claim, a plaintiff must allege "a state actor deprived her of a constitutionally protected life, liberty, or property interest" in such a way that 'shocks the conscience' or 'interferes with

4

rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)). The substantive due process clause "guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." Halverson v. Skagit Cnty., 42 F.3d 1257, 1261 (9th Cir. 1994) (citation omitted). The first amended complaint does not allege facts showing plaintiff was deprived of a specific constitutionally protected life, liberty or property interest in a manner that was arbitrary and capricious.

To state a procedural due process claim, a plaintiff must allege facts showing the following elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). A protected liberty or property interest may arise from the United States Constitution or from state laws or policies. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, conclusory assertions of the denial of due process such as those in the first amended complaint do not state a due process claim. Here, plaintiff does not identify any constitutionally protected liberty or property interest at issue or any specific process she should have received but was denied.

For all these reasons, plaintiff's first amended complaint must be dismissed and the request for a "writ of assistance" will be denied. Although it appears plaintiff will be unable to state a claim based on the underlying facts in order to proceed with this case, plaintiff is granted another opportunity to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Plaintiff is informed that in any amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Civil Rights Act under which this action was filed requires that there be an actual connection or link between the actions of each specific defendant and the deprivation alleged to have been suffered by plaintiff. See Monell v.

Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In addition, Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. See also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's first amended complaint is dismissed with leave to amend.

2. In light of this screening order, plaintiff's request for emergency screening (ECF No. 7) is DENIED as moot.

3. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint titled "First Amended Complaint" that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 30, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 kimm26cv1512.scrn