UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMY KIMMONS,

          Plaintiff,

     v.

SACRAMENTO SHERIFF
DEPARTMENT, et al.

          Defendants.

No.  2:26-cv-1512-DC-CKD (PS)

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff Amy Kimmons proceeds pro se and in forma pauperis. This matter is referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's second amended complaint, titled "Eighth Amended Complaint" (SAC), is before the court for screening. For the reasons set forth below, the undersigned recommends dismissal of this action for failure to state a claim.

**I.      Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.    Allegations in the Amended Complaint

Plaintiff's sister's ex-husband was killed by cartel actors and plaintiff fears gang retaliation, alleging an "active threat" from a named defendant who maintains documented connections to transnational narcotics organizations. (ECF No. 10 at 1.) Plaintiff alleges she is in a position of "state created danger" by defendant Brewster "confirming an active bounty on the minor child" and other defendants "denying protection and facilitating workplace/medical retaliation[.]" (Id. at 2.) Plaintiff also alleges fraud in connection with a permanent restraining order based on collusion to suppress evidence between her former attorney and defendant Shaver's counsel. (Id.)

The named defendants are Sacramento Sheriff, El Dorado County, Folsom Police, Folsom Cordova Unified School District, UC Davis Medical Center, One Community Health, three individuals and Doe defendants (ECF No. 10 at 1.) Plaintiff seeks monetary damages and equitable relief, including an order vacating a state court permanent restraining order and other state court orders. (Id. at 2.) Plaintiff also seeks a "writ of assistance (U.S. Marshal Protection)." (Id. at 2.)

2

### III. Discussion

At the outset, the court cannot grant plaintiff the newly requested relief in the form of vacating the permanent restraining order or any other state court orders. Federal district courts do not have appellate jurisdiction over state courts. See, e.g., Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Under the Rooker–Feldman doctrine, federal courts lack jurisdiction to exercise appellate review over final state court judgments in the manner plaintiff seeks. See id.; Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005).

In addition, plaintiff's due process claim under 42 U.S.C. § 1983 asserting a state created danger appears to arise in part out of child custody orders. The "domestic relations exception" prevents this court from exercising jurisdiction over child custody matters, which are generally considered state law matters. See Ankenbrandt v. Richards, 504 U.S. 689 (1992); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam). Federal abstention under the domestic relations exception is appropriate even if the case is premised on alleged federal constitutional violations. Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987). "If the constitutional claims… have independent merit, the state courts are competent to hear them." Id.

To the extent plaintiff brings a due process claim arising out of matters other than child custody orders, "[t]he Fourteenth Amendment's Due Process Clause generally does not provide an affirmative right to government aid." Herrera v. Los Angeles Unified Sch. Dist., 18 F.4th 1156, 1158 (9th Cir. 2021). The general rule is that governmental officials such as law enforcement officers are not liable for failing to protect private citizens from the acts of third parties. See Escamilla v. City of Santa Ana, 796 F.2d 266, 270 (9th Cir. 1986). Plaintiff's vague allegations about failure to protect do not suffice to invoke the state-created danger exception to the general rule. See Martinez v. High, 91 F.4th 1022, 1028-29 (9th Cir.), cert. denied, 145 S. Ct. 547 (2024) ("To establish the "state-created danger" exception, a plaintiff must prove two things[:] The officer's affirmative conduct must expose the plaintiff to a foreseeable danger that she would not otherwise have faced[;] [a]nd the officer must act with deliberate indifference to a known or obvious danger." (internal quotation marks and citations omitted).)

Otherwise, to the extent plaintiff seeks to proceed under 42 U.S.C. § 1983, plaintiff fails to state a claim. Plaintiff does not allege any harm suffered was caused by a policy or custom of a local government entity or one of its departments such that any local government entity defendant could be liable for a constitutional injury. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); Gant v. Cnty. of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014). Plaintiff also does not allege facts sufficient to suggest that any individual defendant acting under color of state law personally participated in, and is liable for, a deprivation of plaintiff's rights. See Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020 (9th Cir. 2010). As to the medical care defendants, plaintiff has not alleged stated action as required to state a claim under 42 U.S.C. § 1983. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

Plaintiff also appears to assert a right to relief under 42 U.S.C. § 1985 for conspiracy to interfere with civil rights. (ECF No. 1 at 1.) Plaintiff fails to state a claim under § 1985. "To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotations omitted). Conclusory allegations that the defendants conspired and acted in concert to violate plaintiff's rights fail to state a claim. See Twombly, 550 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a claim).

In addition, to state a claim under 42 U.S.C. section 1985(2) or 1985(3), a plaintiff must allege a conspiracy motivated by racial or class-based, invidious animus. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993) (section 1985(3)); Portman v. Cnty. of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993) (second clause of section 1985(2)).[1] The SAC does not allege any racial or class-based, invidious animus. The SAC also lacks specific factual allegations to support the existence of the claimed conspiracy.

---

[1] Section 1985(2) contains two clauses that give rise to separate causes of action. Portman, 995 F.2d at 908. The first clause concerns unlawful influence on federal court proceedings and is not applicable. See id. at 909. In addition, § 1985(1), prohibiting preventing officers of the United States from performing duties, is not applicable.

4

The complaint is also styled as brought under 18 U.S.C. § 3771 and the Crime Victims' Rights Act (CVRA). However, plaintiff has no private right of action under the CVRA. See In re Wild, 994 F.3d 1244, 1252 (11th Cir. 2021) (the CVRA does not authorize a person to file a freestanding civil suit seeking judicial enforcement of her rights under the CVRA).

Finally, plaintiff appears to include in the SAC a claim for fraud, which is a state-law claim. See Lazar v. Superior Ct., 12 Cal. 4th 631, 638 (1996) (the elements of fraud are (a) misrepresentation; (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."). While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, Rule 9(b) of the Federal Rules of Civil Procedure additionally requires that the circumstances of the fraud be stated with particularity. Fed. R. Civ. P. 9(b).

Here, plaintiff's fraud claim is devoid of supporting facts and fails to state a claim. Moreover, because plaintiff has not stated any federal claim for relief over which this court has original federal question jurisdiction, this court should not exercise supplemental jurisdiction over any state law claims. See 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction"); Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction and hear cases that arise in diversity or present a federal question).

**IV.    Conclusion, Order, and Recommendation**

For the reasons set forth above, the SAC fails to state a claim upon which relief can be granted. Twice previously, the court has advised plaintiff of the deficiencies in the claims she seeks to bring arising out of these underlying events and omissions. (ECF Nos. 6, 8.) It now clearly appears that granting further leave to amend would be futile. Thus, the SAC should be dismissed without further leave to amend. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); Klamath-Lake Pharm. Ass'n v. Klamath Med.

Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (leave to amend shall be freely given, but the court does not have to allow futile amendments).

For the reasons set forth above, IT IS ORDERED as follows:

1. In light of the recommendation that this case be dismissed for failure to state a claim, all pleading, discovery, and motion practice is stayed pending resolution of these findings and recommendations by the assigned district judge.

2. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief filed under the Federal Rules of Civil Procedure, the undersigned will not entertain or respond to any motions or other filings until the findings and recommendations are resolved.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's second amended complaint (titled Eighth Amended Complaint) (ECF No. 10) be dismissed without further leave to amend for failure to state a claim.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 11, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 kimm26cv1512.scrn.sac.fr

6