UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY KIMMONS, | No. 2:26-cv-1512-DC-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO SHERIFF DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff initiated this action with a complaint filed on April 13, 2026. (ECF No. 1.) On May 11, 2026, the undersigned filed findings and recommendations recommending that plaintiff's second amended complaint be dismissed without further leave to amend. (ECF No. 11.) Those findings and recommendations are pending the decision of the district judge assigned to this case. On May 20, 2026, plaintiff filed a motion to seal seeking to seal all documents filed in this case. (ECF No. 14.)

Requests to seal documents in this district are governed by Local Rule 141. Under Local Rule 141, documents may only be sealed by a written order of the court after a specific request to seal has been made which sets forth the statutory or other authority for sealing. Local Rule 141(b). There is a presumed First Amendment right of access to court proceedings and documents for the press and the public. See Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). In order to overcome the "strong presumption in favor of access

1

to court records," a request to seal material must ordinarily meet the high threshold of showing that "compelling reasons" support secrecy. Id.[1] The presumed right of access can be overcome if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. Oregonian Publishing Co. v. U.S. District Court for the District of Oregon, 920 F.2d 1462, 1466 (9th Cir. 1990); see also Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).

Plaintiff has not identified legal authority that supports the requested sealing. Plaintiff also has not articulated how failing to seal documents and records in this case would result in a substantial probability that a compelling interest would be harmed. Plaintiff's assertions that the information is private do not suffice. Accordingly, the request to seal will be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request to seal (ECF No. 14) is DENIED.

Dated:  May 26, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 kimm26cv1512.seal.den

---

[1] There is an exception not applicable here. Where the material is, at most, "tangentially related to the merits of a case," then a request to seal may be granted on a showing of "good cause." Center for Auto Safety, 809 F.3d at 1097.

2